UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLARENCE EDWARD SMITH,

        Petitioner,

    v.

KENNETH T. LEAVY,

        Respondent.

Case No. C25-401-MJP-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Clarence Edward Smith is currently confined at Western State Hospital in Lakewood, Washington. He submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 along with an application to proceed *in forma pauperis* ("IFP") (Dkt. ## 3, 3-1.) The petition has not been served on Respondent. After careful review of the petition, the IFP application, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed and his IFP application should be denied as moot.

## II.    DISCUSSION

Petitioner indicates in his petition that he is seeking to challenge a judgment and sentence entered in King County Superior Court case number 24-1-06690-6. (Dkt. # 3-1 at 1.) On April 8,

REPORT AND RECOMMENDATION - 1

2025, the Court issued an Order to Show Cause in which it explained that Petitioner appeared to have sufficient funds to afford the $5.00 filing fee and therefore should not be permitted to proceed IFP. (Dkt. # 4 at 1.) The Court also observed that it did not appear Petitioner's federal habeas petition was otherwise eligible to proceed at this time because his criminal proceedings appeared to be ongoing. (*Id.* at 2.) The Court explained that in order to obtain relief under § 2254, a petitioner must demonstrate that his claims for federal habeas relief have been properly exhausted in the state courts. (*Id.* at 2 (citing 28 U.S.C. § 2254(b)-(c)).) The Court noted that Petitioner indicated in his petition that he had pleaded not guilty, and no trial had yet taken place. (*Id.*) The Court further noted that a review of King County Superior Court records revealed that Petitioner's case remained pending, and that the website for the Washington appellate courts revealed no appeals by Petitioner. (*Id.*) The Court thus ordered Petitioner to show cause by May 9, 2025, why this action should not be dismissed for failure to exhaust state court remedies and to either pay the $5.00 filing fee or show cause why his IFP application should not be denied. (*Id.* at 3.)

On May 22, 2025, Petitioner filed a response to the Order to Show Cause in which he failed to address exhaustion or his IFP application, but instead reasserted his complaints about his ongoing criminal proceedings. (Dkt. # 5.) Because Petitioner makes no showing that he has exhausted his state court remedies, his petition is not eligible for federal habeas review.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 3-1) and this action be DISMISSED without prejudice, and that Petitioner's IFP application (dkt. # 3) be DENIED as moot.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 7, 2025**.

The Clerk is directed to send copies of this Report and Recommendation to Petitioner and to the Honorable Marsha J. Pechman.

Dated this 16th day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3